IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE MONTES, JR., ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | Civ. No. 5:14-cv-193 |
| | § | JURY DEMANDED |
| TIMEKEEPERS, INC., TIER ONE SECURITY, INC., RABBIT EAR MANAGEMENT, INC., AND SHAWN FLUITT, | § § § § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Jose Montes, Jr. ("Montes"), on behalf of himself and all others similarly situated, files this Original Complaint against Timekeepers, Inc., Tier One Security, Inc., Rabbit Ear Management, Inc., and Shawn Fluitt (collectively, "Defendants"), and would show as follows:

### I.  PRELIMINARY STATEMENT

1.  This lawsuit seeks damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq.*). Specifically, Montes alleges that Defendants violated the FLSA by unlawfully designating its gate guards/security officers[1] as independent contractors, and failing to pay gate guards/security officers minimum wages and overtime. Montes seeks to recover unpaid wages, unpaid overtime wages, statutory liquidated damages, and attorneys' fees. Moreover, Montes seeks to certify this matter as a collective action under the FLSA.

---

[1] Defendants' written policies and procedures use "gate guards" and "security officers" interchangeably. Therefore, to avoid any confusion, Plaintiff uses both terms throughout his Complaint.

1

## II.     PARTIES

2.     Plaintiff Jose Montes, Jr. is an individual residing in Cotulla, Texas. Montes is a former gate guard/security officer for Defendants.

3.     Defendant Timekeepers, Inc. is a corporation organized under the laws of Texas with its principal place of business in Boerne, Texas. It may be served through its registered agent for service of process, Shawn R. Fluitt, at 41109 IH-10 West, Suite C, Boerne, Texas 78006.

4.     Defendant Tier One Security, Inc. is a corporation organized under the laws of Texas with its principal place of business in Boerne, Texas. It may be served through its registered agent for service of process, Shawn R. Fluitt, at 41109 IH-10 West, Suite C, Boerne, Texas 78006.

5.     Rabbit Ear Management, Inc. is a corporation organized under the laws of Texas with its principal place of business in Boerne, Texas. It may be served through its registered agent for service of process, Shawn R. Fluitt, at 41109 IH-10 West, Suite C, Boerne, Texas 78006.

6.     Defendant Shawn R. Fluitt has a place of business and does business at 41109 IH-10 West, Suite C, Boerne, Texas 78006, where Evaristo Gutierrez is, and at all times hereinafter mentioned was, owner of the corporate Defendants and actively manages, supervises and directs the business affairs and operations of the corporate Defendants, and acts and has acted, directly and indirectly, in the interest of the corporate Defendants in relation to its employees and is an employer of these employees within the meaning of the FLSA.

7. At all times during Montes's employment, Defendants were joint employers of Montes and the putative class members under 29 C.F.R. § 791.2.

### III.     JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.SC. §§ 1331 and 1345, and § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.  Specifically, Defendants employed Montes and other gate guards/security officers to work at various locations in and around Cotulla, Texas.

### IV.     ALLEGATIONS

10. Defendants are companies that provide security and monitoring services, primarily to the oil and gas industry.

11. At all times hereinafter mentioned, Defendants Timekeepers, Inc., Tier One Security, Inc., Rabbit Ear Management, Inc. (collectively, the "Corporate Defendants") have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that the Corporate Defendants have been, though operation or common control, engaged in the performance of related activities for a common business purpose.

12. At all times hereinafter mentioned, the Corporate Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees

3

engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

13.     Defendants classify their gate guards/security officers as independent contractors, exempt from the FLSA.  However, as described below, Defendants exercise substantial control over its gate guards/security officers and the manner in which they conduct their work.

14.     Defendants set gate guards/security officers' work hours and work locations.

15.     Defendants train gate guards/security officers in safety and their "accepted practices in field/ranch security procedures."

16.     Defendants require gate guards/security officers to wear a company uniform.

17.     Defendants' Field Supervisors supervise gate guards/security officers while they are on duty.  Indeed, Defendants' own written policies state that Defendants' Field Supervisors are responsible for, among other things, "prepar[ing] payroll" for gate guards/security officers, evaluating gate guards/security officers' performance, and terminating gate guards/security officers "whose behavior and/or performance justifies such action."

18.     Defendants provide gate guards/security officers with equipment and supplies (including a generator, 200 gallon water tank, water and fuel, and septic services).

19.     Defendants set the terms of gate guards/security officers' compensation.

20.     Moreover, the security and gate guard services provided by Defendants' gate guards/security officers are integral to Defendants' business.  Indeed, Defendant Timekeepers, Inc. describes itself on its website as being in the "gate guard and security business."

21. Defendants required Montes and other security officers to work in excess of forty hours per week. For example, Defendants required many of its security officers to work at least four 12-hour shifts per week.

22. Defendants paid Montes and other gate guards/security officers a flat daily rate of approximately $300.00, and does not pay gate guards/security officers time-and-one-half of their regular rate for hours worked over forty in a workweek. As a result, Defendants have unlawfully withheld minimum wages and overtime compensation from its gate guards/security officers, including Montes.

## V.   CLAIMS

23. During the period since at least April 2011, Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing any and all persons as gate guards/security officers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty hours without compensating such gate guards/security officers for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rate at which they were employed. Defendants acted willfully in failing to pay gate guards/security officers in accordance with the FLSA. Plaintiffs are therefore entitled to back pay equal to the amount of unpaid wages and unpaid overtime for the past 36 months and an additional equal amount as liquidated damages under § 216 of the FLSA, plus attorneys' fees, post-judgment interest, and all costs of court.

## VI.   COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

24. Pursuant to Section 16(b) of the FLSA, Montes brings this Complaint as a collective action, on behalf of himself and all persons similarly situated who consent to join this

litigation by filing a written consent with the Court and who also agree to be represented by Plaintiffs' counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

25. Defendants have a common policy or scheme of misclassifying gate guards/security officers as independent contractors exempt from the FLSA. As a result of this common policy or scheme, Defendants wrongfully denied gate guards/security officers of minimum wages and overtime for all hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former gate guards/security officers employed by Defendants at any time during the three years preceding the filing of this action. Montes is informed and believes, and based thereon, allege that there are at least twenty-five putative FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Defendants' records through appropriate discovery, and Plaintiffs propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## **PRAYER**

26. Montes prays for judgment against Defendants as follows:

(a) actual and liquidated damages for unpaid overtime wages the under the Fair Labor Standards Acts;

(b) liquidated damages as provided by the Fair Labor Standards Act;

(c) reasonable attorney's fees under the Fair Labor Standard Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court;

(f) certification of this matter as a collective action; and

(g) any other relief to which Plaintiff is entitled.

           Respectfully submitted,

           /s/ Lawrence Morales II
           Lawrence Morales II
           State Bar No. 24051077
           **THE MORALES FIRM, P.C.**
           115 E. Travis, Suite 1530
           San Antonio, Texas 78205
           Telephone No. (210) 225-0811
           Facsimile No. (210) 225-0821
           lawrence@themoralesfirm.com

           ***ATTORNEY FOR PLAINTIFFS***