UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE MONTES, JR. ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § | |
| PLAINTIFFS | § | |
| v. | § § § | CIVIL ACTION NO. 5:14-cv-193 JURY DEMANDED |
| TIMEKEEPERS, INC., TIER ONE SECURITY, INC., RABBIT EAR MANAGEMENT, INC., AND SHAWN FLUITT, | § § § § § | |
| DEFENDANTS | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND TO ISSUE NOTICE

To the Honorable United States District Judge:

Defendants Timekeepers, Inc., Tier One Security, Inc., Rabbit Ear Management, Inc. and Shawn Fluitt submit the following Response to Plaintiff's Motion to Conditionally Certify A Collective Action and To Issue Notice and respectfully state:

### I.   SUPPORTING EVIDENCE

Defendants support this response with the following declarations:[1]

    Exhibit A:    Robert Prentiss, Operation Manager, Tier One
    Exhibit B:    Carol Postert, Administrative Services, Tier One
    Exhibit C:    Cindy Gabehart, Operations and Customer Service, Timekeepers

---

[1] Citations to declarations will be in the form of the declarant's last name followed by the relevant paragraph.

## II. SUMMARY AND FACTUAL BACKGROUND.

1. Plaintiff's proposed class appears to be all gate guards/security officers classified as independent contractors without distinguishing between the multiple Defendants. Plaintiff's Motion, pg. 2 (Dkt #19), Plaintiff's Complaint ¶ 24 (Dkt. #1).

2. Defendant Rabbit Ear is a management company and does not employ nor contract with guards. Gabehart ¶ 2. Defendant Tier One and Defendant Timekeepers are separate entities and do not provide the same type of services. Tier One requires it guards to be Level 3 commissioned guards to perform gate guard and other services to a variety of clients across Texas. Prentiss ¶ 8, Postert ¶ 2. Defendant Timekeepers provides Level 2 non-commissioned guards who stay on properties with their own RV and other necessary equipment. Timekeepers does not require its guards to be commissioned Level 3 guards. Gabehart ¶ 4.

3. Level 3 commissioned guards have more stringent training requirements than Level 2 guards, including more class room hours and completion of firearm qualifications that permits them to bear arms. Postert ¶ 3, Prentiss ¶ 8.

4. Plaintiff contracted with Tier One as a Level 3 guard; he did not contract with Timekeepers. Postert ¶ 3, Prentiss ¶ 3, Gabehart ¶ 5.

5. Tier One contracts with security guards with no guarantee of future jobs. Prentiss ¶ 6. Tier One has entered into different types of agreements for security services, both directly with the security guards and through third parties such as a police department or sheriff office. Prentiss ¶¶ 4-6. When Tier One contracts with an individual, such as Plaintiff, Tier One negotiates directly with the individual. Prentiss ¶¶ 3-4. However, when Tier One has contracted through a police department or sheriff office, Tier One often has not determined the individual security guard who filled a post or the compensation paid to them. Prentiss ¶ 6. In such

situations, the identity of the security guards filling a post was provided to Tier One by the police department or individual. Prentiss ¶ 6. Tier One often did not know the identity of the person filling a post until later. Prentiss ¶ 6.

6. Defendants do not control the security guards. When Tier One or Timekeepers have work available, security guards can work as much or as little as they choose; security guards are also free to work for others. Prentiss ¶ 16, Gabehart ¶ 4. Defendants do not train the security guards. Prentiss ¶ 9; Gabehart ¶ 4. The client determines and provides required training to the individual. Prentiss ¶ 9. Defendants have no central decision, plan or policy governing the security guards' services or pay. Prentiss ¶¶ 5-13, Gabehart ¶ 4. Rather the security guards' duties and the rules, procedures and pay of security guards are determined by a variety of factors, such as, client, location and third party requirements. Prentiss ¶¶ 5-13, Gabehart ¶4.

7. Plaintiff submitted his own declaration in support of his motion. The declaration fails to establish that Plaintiff is similarly situated to the proposed class and/or that Defendants have a central decision, plan or policy in violation of the FLSA. (Dkt. #19-1)

8. Plaintiff does not identify any person as interested in joining the suit and only one person has filed a consent to join, Yolanda Garza. (Dkt. #18)

9. Ms. Garza is a Level 3 Guard who contracted only with Tier One to provide services for SM Energy. Postert ¶ 3. She did not contract with Timekeepers. Gabehart ¶ 5.

10. Plaintiff's factual summary is misleading in its global use of the word "Defendants." Plaintiff provides no factual basis to support his allegations that all Defendants committed the alleged acts. Tier One contracted with Plaintiff for guard services, not Timekeepers. Postert ¶ 3, Prentiss ¶ 3, Gabehart ¶ 5. Plaintiff's evidence shows Plaintiff's work is related to Tier One and Rabbit Ear, not Timekeepers, including the job description for the Field Supervisor indicating it

was issued by Rabbit Ear for "Tier One Projects" and the contract application with Tier One's name on it. Pl. Motion, pg. 3 FN 2 (Dkt. #19), Montes ¶¶ 6, 8 Exh. A. (Dkt. #19-2) (job description); Exh. C (Dkt. #19-4) (contract application)). Plaintiff acknowledges Timekeepers limited role, if any, in this lawsuit. Plaintiff states that Defendant Timekeepers has been sued based solely on an alleged printout from a web page that is supposed to demonstrate the two companies share policies. Pl. Motion pg. 3 FN2 (Dkt. #19), Exh. 2 (Dkt. #19-5). Defendants have contemporaneously filed objections to this evidence, however, if the Court overrules Defendants' objections, Exhibit 2 states that the information is for gate guarding for "Timekeepers" rather than Tier One. Exh. 2 (Dkt. #19-5).

12. For the reasons stated below, Defendants request that the Court deny Plaintiff's request for conditional class certification.

### III. ARGUMENT

13. Plaintiff's request for conditional certification should be denied for the following reasons: (1) as to Defendant Timekeepers, Plaintiff has failed to show that Timekeepers was his employer; (2) the determination of whether individual security guards are independent contractors or employees is a highly individualized determination that is not appropriate for collective action; and (3) Plaintiff has not shown he is similarly situated to the proposed class, that there is a central policy or plan violating the FLSA, nor that sufficient individuals want to opt in to the lawsuit. Alternatively, Plaintiff's proposed class is overbroad, i.e., (1) the class is overly broad because it includes guards from Timekeepers, i.e. Plaintiff is not similarly situated to guards working for Timekeepers; (b) the class is overly broad because it includes guards who were engaged through law enforcement agencies not similarly situated to Plaintiff, (c) the class is overly broad because it includes guards that worked for entities other than SM Energy; and (d) the class is overly broad because it includes guards working for different clients and at different

locations than where Plaintiff worked who are not similarly situated to Plaintiff. Plaintiff's proposed class is also overbroad in terms of the alleged time period. Defendants have contemporaneously filed separate objections regarding Plaintiff's request for information and his proposed notice.

### A. Conditional Certification Should be Denied as to Defendant Timekeepers Because Plaintiff Has Not Shown He Has Any Connection to Timekeepers, i.e., He Was Not Employed By and/or Did Not Contract With Timekeepers

14. The Fair Labor Standards Act allows an employee to maintain an action against his employer. 29 U.S.C. §216(b).

15. To determine whether joint employment exists, the court considers the totality of the circumstances, "focusing on the economic realities of the particular employment relationship." The Court considers the following factors: (1) whether the employment takes place on the premises of the company, (2) how much control the company exerts over the employees, (3) whether the company has the power to fire, hire, or modify the employment condition of the employees, (4) whether employees perform a 'specialty job' within the production line, and (5) whether the employees may refuse to work for the company or work for others. *Lee v. Dish Network, LLC*, 2013 U.S. Dist. LEXIS 162675 (S.D. Tex. Nov. 15, 2013).

16. As stated above, Plaintiff is attempting to conditionally certify a collective action against Timekeepers based solely on allegations that a website shows Tier One and Timekeepers shared policies even though the document provided states it is for gate guarding for "Timekeepers" rather than Tier One. See ¶ 10 above; Pl Motion FN 2 (Dkt. #19-1). Plaintiff does not provide any facts to show that he was employed by Timekeepers, contracted with Timekeepers and/or any of the factors to show that Timekeepers was his joint employer. See ¶¶ 5 and 10 above.

17. Defendants evidence, however, specifically show that Plaintiff contracted with Tier One, not Timekeepers and was not paid by Timekeepers. See ¶ 4 above.

18. Plaintiff's motion to conditionally certify a class against Defendant Timekeepers should be denied because he has failed to show that he was employed by and/or contracted with Timekeepers and/or that Timekeepers was his joint employer.

### B. Conditional Certification Should be Denied Because The Determination of Whether Individual Security Guards Are Independent Contractors or Employees Is Highly Individualized.

19. When considering a motion for conditional certification of a collective action based on allegations of independent contractor misclassification, a court "must analyze whether the [putative collective action members] are similarly situated with respect to the analysis it would engage in to determine whether the workers are employees or independent contractors." *Andel v. Patterson-UTI Drilling*, 280 F.R.D. 287, 289 (S.D. Tex. 2012) (quoting *Bamgbose v. Delta-T Group*, 684 F. Supp. 2d 660, 668-69 (E.D. Pa. 2010). Courts consider the economic realities in making this determination. Under this test whether a worker is an employee or an independent contractor, is based on five, non-exclusive factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer. *Andel v. Patterson-UTI Drilling*, 280 F.R.D. at 288 (quoting *Tibault v. Bellsouth Telecomm., Inc.*, 612 F.3d 843, 846 (5th Cir. 2010)). A court must determine whether the proof to demonstrate that the workers are 'employees' or 'independent contractors' can be applied to the class as a whole. *Andel v. Patterson-UTI Drilling*, 280 F.R.D. at 290. A court should deny conditional certification if the individualized inquiries required would eliminate 'the

economy of scale envisioned by the FLSA collective action procedure.' *Id.* Other courts have also recognized that the economic realities test is a fact intensive, personal determination and that conditional class certification should be denied when independent contractor status is an issue. *In re FedEx Ground Package Systems,* 662 F. Supp. 2d 1069, 1081 (N.D. Ind. 2009) (deny collective action because of application of fact intensive economic realities test); *Pfaahler v. Consultants for Architects*, No. 99-C-6700, 2000 WL 198888, at *1 (N.D. Ill. Feb. 8, 2000) (liability turns on whether plaintiff and every potential claimant is an "independent contractor" or an "employee" within the meaning of the FLSA; because of fact-intensive, individual determination as to the nature of each potential claimant's relationship with defendant collective action under the FLSA is inappropriate).

20. The proof necessary to determine whether the putative plaintiffs are employees or independent contractors cannot be applied to the class as a whole. The contractual relationship between Defendants and security guards vary, for examples: Tier One contracts directly with some guards, including Plaintiff, regarding when and if they would work; but has contracted through a police department or sheriff office for work with other guards, (not knowing the identity of a guard until later informed). Prentiss ¶¶ 3-6. The profit or loss of individual guards is also up to the guard and varies by guard and his police department, if applicable. Prentiss ¶ 16. In addition to controlling the amount of work; the guard can obtain a substitute for his work; he can contract with multiple companies; he is not guaranteed additional work and is not subject to a penalty for rejecting any offer. Prentiss ¶¶ 5-6, ¶ 16; Gabehart ¶ 4.

21. Individual guards are responsible for acquiring the necessary training that is required by the state and their police departments, if applicable. The training requirements vary among guards, clients and police departments. Prentiss ¶¶ 8-9; Postert ¶ 3; Gabehart ¶ 3. Likewise,

individual guards and their police department, if applicable, provide their own equipment and the necessary equipment varies depending on the Defendant, client and location. Prentiss ¶¶ 8-17; Gabehart ¶ 3. Prentiss, an independent contractor for Tier One, had approximately $10,000 in expenses last year, his expenses included items relating to his office expenses, mobile phone, dish network, propane, mileage, continuing education, licenses, and uniforms. Prentiss ¶ 17. Independent contractors for Timekeepers also incur substantial expenses, including the expense of having their own RV and their own equipment. Gabehart ¶ 3. The type of work performed by the Tier One security guards and their degree of expertise varies among the individual guards, for example, some performed TSA work for airport security and others issue speeding tickets. Prentiss ¶¶ 9-15. The bases for pay also varies, for examples: Tier One paid Plaintiff based on hours submitted directly by Plaintiff; whereas, others have been paid based on hours submitted by a police department / sheriff office. Prentiss ¶ 6. The determination of the rate of pay also varied. Defendant Tier One makes offers directly to guards when contracting directly with guards, whereas, the different police departments have determined the rate of pay for guards contracting through them. Prentiss ¶ 6.

22. Conditional class certification should be denied because a fact intensive, personal determination must be made as to Plaintiff and the putative plaintiffs to determine whether the person is an independent contractor or employee for purposes of the FLSA. Such an analysis would contravene the primary purpose behind collective action lawsuits, i.e., the promotion of judicial economy.

## C. Conditional Certification Should Be Denied Because Plaintiff Has Not Shown He is Similarly Situated to the Proposed Class; That There Is A Central Decision, Policy Or Plan Violating The FLSA; or That Individuals Want to Opt-In

23. Plaintiff has also failed to establish that Plaintiff and the putative plaintiffs are similarly situated, has failed to show a central decision, policy or plan that violates the FLSA that applies to Plaintiff and the putative plaintiffs or that sufficient individuals want to opt-in.

24. To maintain a collective action under the FLSA, Plaintiff must demonstrate that he is "similarly situated" and that there are other "similarly situated" employees who desire to opt-in. At this stage, courts generally require substantial allegations that the putative collective action members were together the victims of a single decision, policy, or plan. The potential class plaintiffs are considered "similarly situated" to the named plaintiff if they are similarly situated with respect to their job requirements and with regard to their pay provisions. A plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join in the lawsuit. *Ali v. Sugarland Petroleum,* 2009 U.S. Dist. LEXIS 118829, *6-7, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009) (internal quotation marks and citations omitted). Generally, a plaintiff must show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Morales v. Thang Hung,* No. 2009 U.S. Dist. LEXIS 71765, at *6-7, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009).

  1. **Conditional Certification Should Be Denied Because Plaintiff has Failed to Establish He Is Similarly Situated to Putative Plaintiffs.**

  (a) Plaintiff Not Similarly Situated To Timekeepers' Guards

25. Plaintiff has not shown any connection between services he provided and guards contracting with Timekeepers. See Section "A" above (Conditional Certification Should be Denied as to Defendant Timekeepers Because Plaintiff was not employed by and/or did not contract with Timekeepers).

26. In any event, Plaintiff is not similarly situated to guards contracting with Timekeepers as stated below in section ¶ 28.

### (b) Plaintiff Not Similarly Situated Because He Was In Different Contractual Relationship.

27. Because a key issue in this case is whether security guards were properly classified as independent contractors rather than employees, Plaintiff must demonstrate that he is similarly situated to proposed collective action members in the context of the factors that determine employee status. Class certification issues cannot be decided in a vacuum. See *Demauro v. Limo, Inc.*, 2011 U.S. Dist. LEXIS 1229, at *9-11, 17 Wage, & Hour Cas. 2d (BNA) 30 (M.D. Fla. Jan. 3, 2011); *West v. Verizon, Inc.*, Case No. 8:08-cv-1325-T33MAP, 2009 U.S. Dist. LEXIS 82668, at *11 (M.D. Fla. Sept. 10, 2009) ( appropriate for " Court to be cognizant of the factual and legal issues presented by the case when determining whether this case can be appropriately treated as a collective action."). As described above, Plaintiff has failed to show that Plaintiff is similarly situated to the proposed class. Defendant Tier One contracted individually with Plaintiff and Defendant Tier One has contracted through police departments/sheriff offices for services of guards employed by the police departments/sheriff office. Prentiss ¶¶ 3-4. *See section B above regarding Independent Contractor analysis.*

28. Further, the contracts between individuals contracting with Tier One to provide security guard services differ from those contracting with Timekeepers. Plaintiff contracted only with Tier One; not Timekeepers. Postert ¶ 3; Gabehart ¶ 5. Tier One requires all its guards to be

trained as Level 3 guards, including being certified in firearms. Plaintiff was a Level 3 guard. Postert ¶¶ 2-3. Timekeepers has no such requirement. Gabehart ¶ 4. Tier one contracts for 12 hour shifts. Prentiss ¶ 5. Timekeepers contracts with couples for 24 hour shifts. Gabehart ¶ 3. Tier One does not require its contractors to have RVs (recreational vehicles) to provide the guard services; whereas, Timekeepers requires its contractors to have RVs. Gabehart ¶ 3. Plaintiff is not similarly situated to Timekeepers' security guards.

> (c) Plaintiff Not Similarly Situated Because Plaintiff's Ability to Accept/Refuse Work Was On Different Terms Than Members of the Proposed Collective Action.

29. Because Defendant Tier One had a direct contract with Plaintiff, Plaintiff was able to contact Tier One directly for work offers; Plaintiff had complete discretion on whether or not to seek assignments as well as to accept or decline assignments. Prentiss ¶¶ 3, 5. Whereas, when Defendant Tier One contracted through third parties (police departments and sheriff offices) with other proposed collective action members, Defendant Tier One did not even know who had accepted a position at a gate until informed by the police department. Prentiss ¶¶ 4-6.

> (d) Plaintiff not similarly situated because putative collective action members were subject to different rules and procedures and had different duties.

30. Plaintiff has not shown that Defendants have central rules and procedures. Plaintiff is unlike putative class members because he is not subject to the same rules and procedures as the putative plaintiffs; the rules and procedures differ by Defendant, client, location, and contractual relationship.

31. Plaintiff is not similarly situated to guards who worked for Timekeepers, different clients or even the same client at different locations. For examples, there were different gate check-in procedures, different procedures for handling incidents that occurred on the different property, including whether guards are directly involved in resolving incidents of entry by illegal aliens or