other incidents and whether vehicle searches or required or forbidden. Prentiss ¶¶ 10-15. Duties vary, including some guards had to work as TSA guards to perform airport security; others performed as safety persons for frac jobs; some are armed; others are not armed; and others were required to use an access control system (zonar system) to track individuals on a ranch. Prentiss ¶¶ 7-15. Guards performing services for clients other than Shell Oil have different standards and different duties, for example SM requires guards to be armed; while Oxy forbids fire arms; Newfield required radar training for issuing speeding tickets; other clients have different requirements. Prentiss ¶¶ 7-15. Guards for Timekeepers were required to have their own RVs while guards for Tier One were not required to have their own RV to provide services at remote locations. Gabehart ¶ 3. Plaintiff did not contract with Timekeepers. Gabehart ¶ 5.

### (e) Plaintiff not similarly situated because Plaintiff Was Paid Differently than Proposed Members.

32.  Defendant Tier One contracted directly with Plaintiff, with no third party to determine Plaintiff's pay. Prentiss ¶ 6. Guards who work for police departments were paid based on procedures implemented by the police department and based on the department's determination of the rate of pay owed to its guards. Prentiss ¶ 6. Plaintiff was not similarly situated to guards paid by Timekeepers. Plaintiff was not paid by Timekeepers. Gabehart ¶ 5.

33.  No collective action is appropriate here because Plaintiff cannot meet his burden of demonstrating that he is "similarly situated" to potential collective action members. Plaintiffs' burden is "not invisible" and cannot be based on his own conclusory allegations. *Lee v. Sky Plumbing*, No. 609-cv-2109-Or1-31DAB, 2010 WL 745770, at *2 (M.D. Fla. Mar. 1, 2010) (Presnell, J.) (conditional certification denied where defendants' declarations showed that duties and compensation differed by location).

(f) <u>No Central Decision, Policy or Plan.</u>

34.     Plaintiff has also failed to show that Defendants have a central decision, policy, or plan. The rules, regulations and duties for security guards differ depending on factors such as the Defendant and the client served, the location where services are performed and whether Defendant Tier One had a direct contract with the individual or contracted through a third party.

35.     Plaintiff does not specify the location nor the clients for whom he provided gate guard services. There were different rules, regulations, and procedures for guards to follow, depending on the location, for examples: there were different check in procedures by location; different procedures for reporting and detaining illegal aliens; and different procedures regarding other incidents that may happen on the property and whether the guard was required or forbidden to take action. Prentiss ¶¶ 10-15.  Guards at different Shell Oil locations had different duties, for examples: some guards acted as TSA guards to perform airport security, some acted as safety persons for frac jobs, some locations require armed guards, at other locations arms were forbidden, some guards were required to track personnel on the property through a zonar system, and at other locations guards did not track persons.  Prentiss ¶¶ 10-15.

36.     The duties, rules, regulations and procedures also differed among clients, including for examples: clients have different training requirements (such as one client requires TSA training for airport security and another requires radar training to issue speeding tickets). Prentiss ¶ 8-9. Clients have different rules for carrying fire arms and conducting vehicle searches (some require it; others forbid it). Clients have different check in rules and procedures, as well as different rules and procedures for reporting and handling illegal aliens and other incidents (some require guards to assist with resolution and others forbid it). Prentiss ¶¶ 7 - 15.

37.     Likewise, Plaintiff has failed to show that Defendants have a central decision, policy or plan for guard pay. Defendant Timekeepers had different rules and procedures, including not requiring Level 3 guard training but having a requirement that its guards work from their own RV's unlike Tier One. Gabehart ¶ 3. Guard pay depended on numerous factors, for examples, client, location, duties and whether Defendant Tier One was contracting with an individual or negotiating through third party agreements. Defendant Tier One paid higher prices for security guards depending on what work was being performed, in what locations and whether the rates were set by the entity for whom security guards were employed. Prentiss ¶ 6. Plaintiff has shown that he does not have personal knowledge of Timekeepers policies or pay provision nor has he shown that Timekeepers pay provisions are similar to Tier Ones. Pl Motion FN 2 (Dkt. #19-1).

## 2. Conditional Certification Should Be Denied Because Plaintiff has Failed to Establish Individuals Want To Opt In.

38.     Plaintiff has also failed to show that anyone other than Yolanda Garza wishes to opt-in. Plaintiff has not identified any other person as stating that they wish to opt-in. Rather, Plaintiff just "suspects" that others would be interested in joining. Montes ¶ 10 (Dkt. #19-1). Defendants have filed objections to this evidence based on Plaintiff's lack of personal knowledge.

39.     Plaintiff correctly states that a plaintiff must show that there is a reasonable basis for crediting the assertion that aggrieved individuals exist as part of the standard for conditional certification and in support thereof, cites to *Morales v. Thang Hung*, No. 4:08-2795, 2009 U.S. Dist. LEXIS 71765, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009). Pl Motion, pg. 6, Dkt. #19. The *Morales* court declined to conditionally certify a class because although the plaintiff claimed there were three individuals who wished to join the suit only one person had filed a consent to join. *Morales v. Thang Hung*, 2009 WL 2524601, at *3. Other courts have similarly

held that a collective action is not appropriate when Plaintiff has shown only one other individual interested in joining. *Ali v. Sugarland Petroleum,* No. 4:09-cv-0170, 2009 U.S. Dist. LEXIS 118829, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009) (one affidavit was not enough to support conditional certification). Plaintiff also cites to *Walker v. Honghua America, LLC,* 870 F. Supp.2d 462 (S.D. Tex. 2012), which recognizes a split in authorities on this issue without deciding the issue. Rather, in *Walker* the court found a sufficient showing because six people had sought to join the lawsuit as plaintiffs. Unlike the *Walker* case, there is only one plaintiff in this action and only one consent to join. An FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action. *Parker v. Rowland Express,* 492 F. Supp. 2d 1159, 1166 (D. Minn. 2007). The FLSA collective action process is not a fishing expedition.

40. Further, no one employed by or contracting with Defendant Timekeepers has expressed any interest in joining this case. Gabehart ¶ 5.

41. Defendants' request that the Court deny conditional certification because Plaintiff has not shown he is similarly situated to the proposed class; that there is a central decision, policy or plan violating the FLSA nor that sufficient aggrieved individuals want to opt-in to the lawsuit.

42. Defendant Timekeepers further requests that the Court deny certification as to it because no guard from Timekeepers has shown any interest in joining this case.

### D. ALTERNATIVELY, PLAINTIFF'S PROPOSED CLASS IS OVERBROAD IN TERMS OF ALLEGED EMPLOYEES AND TIME FRAME.

43. As demonstrated above, conditional certification should be completely denied in this case. Alternatively, if conditional certification is granted, any potential class should be limited to individuals contracting with Tier One, working for SM Energy.

44. To show that individuals in multiple locations are similarly situated, Plaintiff must establish a reasonable basis to conclude that the same policy applies to the multiple locations before certification is appropriate beyond the Plaintiff's location. *Heeg v. Adams Harris*, 2012 U.S. Dist. LEXIS 156151 *16 (S.D. Tex. Oct. 31, 2012). Plaintiff provides no such evidence. Instead, Plaintiff simply proffers conclusory statements that gate guards were required to check vehicles in and out and that guards received training in accepted practices in field /ranch security procedures. Montes ¶¶ 5-6 (Dkt #19-1). Plaintiff's alleged knowledge is based on his observations after being promoted to a supervisor; Plaintiff attaches his job description which specifies his duties only relate to Tier One, not Timekeepers. Montes ¶¶ 5-6, (Dkt #19-1, 19-2) (Field Supervisor-Tier One Projects).

45. As evidenced above, all companies for whom Tier One provides services have different rules, policies, requirements and procedures and the work differs by location. Plaintiff's conclusory statements do not establish that the same policies and procedures applied to security guards working at different locations and for different clients which is required before certification is appropriate. The evidence also establishes that security guards who contracted through a police department/sheriff office and/or with Timekeepers were subjected to different rules and policies than Plaintiff. Further, the evidence establishes that Plaintiff was not employed by Timekeepers and therefore not subject to Timekeepers' rules or requirements.

46. Plaintiff does not address the procedures at different locations, with different clients and/or with police departments/sheriff offices; nor does he address the different requirements for guards between Tier One and Timekeepers. Plaintiff has failed to establish that guards working for Timekeepers and Tier One had similar job duties; that other guards in different locations had similar job duties and that those with similar job responsibilities to the Plaintiff were subject to

the same pay policy, regardless of geography. Plaintiff has failed to establish that guards working for Tier One are similarly situated as guards working for Timekeepers and the evidence provided by Defendants establishes the contrary.

47. Plaintiff offers little to suggest that proceeding as a collective action would conserve judicial resources. Plaintiff's request for certification of all security guards without regard as to Defendant, geography, client and/or contractor fails to meet even the low bar required for conditional classification and should be denied. Pl Complaint ¶ 24 (Dkt. #1).

48. Further, under the FLSA, the statute of limitations runs as to each potential opt-in plaintiff until written consent is filed with the Court; for limitations purposes, post-complaint consent filings by opt-in plaintiffs do not relate back to the original complaint. *Sandoz v. Cingular Wireless,* 553 F.3d 913, 917 (5th Cir. 2008). Plaintiff's proposed class of all guards for the three year period from the date the lawsuit was filed is overly broad; it exceeds the statute of limitations.

49. Plaintiff has failed to show that conditional certification is appropriate and Defendants are requesting that Plaintiff's motion to certify be denied. Alternatively, Defendants request that conditional certification be limited to guards working for Tier One, for SM Energy.

50. Wherefore, Defendants request that the Court deny Plaintiff's motion for conditional collective action certification. Alternatively, Defendants request that the Court limit the certification as requested herein and that the court grant such other and further relief as is appropriate.

Respectfully submitted,

HOLLAND & HOLLAND, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas 78209
Telephone: (210) 824-8282
Facsimile: (210) 824-8585

BY: _____
Michael L. Holland
State Bar No. 09850750
So. Dist. No. 83742
Inez M. McBride
State Bar No. 13331700
So. Dist. No. 19699
Attorneys for Defendants

David W. Navarro
Hornberger, Fuller & Garza, Inc.
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, Texas 78209
Telephone: (210) 271-1700
Facsimile: (210) 271-1740
State Bar No. 24027683

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the *Federal Rules of Civil Procedure*, on the 31 day of March, 2015, to the following counsel of record:

Lawrence Morales II
The Morales Firm, P.C.
115 E. Travis, Suite 1530
San Antonio, Texas 78205

_____
Michael L. Holland
Inez McBride

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE MONTES, JR. ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS<br>v.<br><br>TIMEKEEPERS, INC., TIER ONE SECURITY, INC., RABBIT EAR MANAGEMENT, INC., AND SHAWN FLUITT, DEFENDANTS | § § § § § § § § § § § § | CIVIL ACTION NO. 5:14-cv-193<br><br>JURY DEMANDED |

**ORDER DENYING
PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Came on this day to be heard Plaintiff's Motion to Conditionally Certify a Collective Action and Issue Notice, Defendants' Response to the motion and Defendants' Motion to Strike and Objections to Plaintiff's Supporting Evidence, Discovery Request, Notice and Consent to Join Relating to Plaintiff's Motion and Plaintiff's response thereto. The Court, having considered Plaintiff's Motion, Defendants' response and objections, Plaintiff's response, and the evidence presented, finds that the allegations and evidence presented fails to support conditional certification, the Court is of the opinion that Plaintiff's Motion for Conditional Certification should be denied for the reasons set forth in Defendants' response to the motion. It is, therefore,

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Conditional Certification is hereby DENIED for all purposes.

SIGNED and ENTERED on _____.

_____
UNITED STATES DISTRICT JUDGE