IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE MONTES, JR., ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § § | Civ. No. 5:14-cv-193 |
| TIMEKEEPERS, INC., TIER ONE SECURITY, INC., RABBIT EAR MANAGEMENT, INC., AND SHAWN FLUITT, | § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND TO ISSUE NOTICE

Plaintiff Jose Montes, Jr., on behalf of himself and all other similarly situated ("Plaintiff" or "Montes"), files this Reply in Support of his Motion to Conditionally Certify a Collective Action and to Issue Notice, and in support thereof, states as follows:

### SUMMARY

Defendants do not, and cannot, dispute that they have a uniform policy of classifying gate guards like Montes and Opt-In Plaintiff Garza (the "Named Plaintiffs") as independent contractors, and not paying them overtime when they work more than forty hours in a week. Indeed, Defendants concede that a "key issue in this case is whether security guards were properly classified as independent contractors rather than employees." Dkt. No. 26, ¶ 27. Under the law, this uniform policy is sufficient for the Court to grant conditional certification as to all gate guards that performed similar duties as the Named Plaintiffs.

However, in an effort to escape conditional certification, Defendants attempt to complicate the Court's analysis by introducing extraneous and irrelevant details. First,

Defendants try to introduce types of security guards Montes never included in his proposed class and use this broadened class to claim that Montes is not similarly situated to the class created by Defendants. The Court should recognize this attempt for the straw man argument that it is. Defendants also confuse the single issue before the Court by inserting an immaterial joint employment argument that is not before the Court. Next, Defendants ask the Court to improperly look to the merits of the independent contractor-classification at this early stage of the case. In the end, because Montes has met his burden of showing he is similarly situated to the proposed class, the Court should grant conditional certification.

> **1. Defendants Attempt to Complicate the Court's Analysis By Broadening Plaintiffs' Proposed Class.**

Defendants' response to Plaintiff's motion unnecessarily complicates the parameters of Plaintiff's proposed class. Montes does not claim to be similarly situated to gate guards or security officers who contract directly with third-party police or sheriff departments. Moreover, Montes also does not claim to be similarly situated to other levels of gate guards. To clear up any possibility of confusion, Montes clarifies the proposed class to:

> All Level 3 gate guards or security officers who privately entered into agreements with Timekeepers, Inc., Tier One Security, Inc., or Rabbit Ear Management, Inc., at any time from December 2, 2011 to the present.

Montes has attached a modified Proposed Notice to Class as Exhibit 1 reflecting this clarification. Plaintiff has also attached a modified Proposed Order.

> **2. Defendants' Response Confuses the Issues of Joint Employment under the FLSA and Notice to Potential Class Members.**

Defendants' response also spends a considerable amount of time discussing the different potential employer statuses of the multiple Defendants. However, the issue of joint employment under the FLSA is not currently before the Court, because Defendants have not properly raised it
2

through a dispositive motion. Rather, the only issue the Court must now decide is whether the putative class members are similarly situated to Plaintiff.

As Plaintiff's complaint and the declarations attached to Defendants' response make clear, Rabbit Ear Management oversees the operations of both Tier One and Timekeepers. (Dkt. No. 26-1 at 6 ¶2, 7 ¶2). Defendants acknowledge that Tier One and Timekeepers then employ the individual gate guards. (Dkt. No. 26 at 2). Plaintiff has sufficiently alleged that Defendants are joint employers under the FLSA. To the extent that, as Timekeepers alleges, it does not directly enter into contracts with any Level 3 gate guards or security officers in the class proposed by Plaintiff, the solution is simple: the list of all individuals similarly situated will be produced only by Defendant Tier One, because Defendant Timekeepers will have no responsive information to produce. The issue of whether Defendants are joint employers of Plaintiff and the putative class should be decided at a later date, following discovery.

**3. The Court Should Not Apply the Economic Realties Test at the Certification Stage But Even If it Does, Plaintiff Is Similarly Situated to the Proposed Class.**

Defendants next claim that, simply because they classify gate guards as independent contractors, Plaintiff cannot show that he is similarly situated to the putative class members. Notably, the Honorable Xavier Rodriguez of the Western District of Texas directly rejected this very argument in a separate case involving Defendant Tier One Security. *See Gonzalez v. Tier One Security, Inc.*, No. SA-12-CV-806-XR, 2013 U.S. Dist. LEXIS 50602 (W.D. Tex. Apr. 8, 2013) ("Defendants' argument that their classification of the security guards as independent contractors (and not employees) wholly dictates that conditional certification is inappropriate **is without merit**.") (emphasis added). This Court should similarly reject Defendants' attempt to

evade the purposes of the collective action provisions of the FLSA, because such merit-based determinations should only be considered at the decertification stage of the case.

Plaintiff acknowledges that "[c]ourts are split as to whether the economic realities test should be used to determine whether to conditionally certify an FLSA action concerning an allegedly wrongful independent contractor designation." *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948, *20 (E.D. La. Oct. 7, 2013) (quoting *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 864 (S.D. Tex. 2012)). But as Judge Rosenthal stated in *Heeg*, "[c]ourts in this district, however, have typically declined to apply the economic realities factors or other individualized analyses at the conditional certification stage." *Heeg*, 907 F. Supp. 2d at 864 (collecting cases). This Court, too, should follow the majority of courts within the Southern District and Fifth Circuit in holding that "such an inquiry is better addressed at the decertification stage after discovery has occurred, when the court will be in a position to scrutinize all of the evidence in greater detail." *Prejean*, 2013 U.S. Dist. LEXIS 158948 at *22; *see also Walker v. HongHua Am., LLC*, 870 F. Supp. 2d 462, 471 (S.D. Tex. 2012) (collecting cases and holding, "The Court believes that the economic factors test is likely not appropriate for determination at the first stage of FLSA class certification.").

Nevertheless, even if this Court does utilize the economic realities test in determining whether to collectively certify Plaintiff's proposed class, as Defendants urge, Plaintiff can still show he is similarly situated to the proposed class. Most of Defendant's arguments attempting to distinguish Plaintiff from other gate guards are immaterial because they deal solely with gate guards who contract directly with third-party police and sheriff departments, who are not part of the proposed class. For example, Defendants claim that Plaintiff and these third-party guards have different contracts (Dkt. No. 26 at 7); different opportunities for profit and loss (*id.*);

4

different training requirements (*id.*); different equipment requirements (*id.* at 8); and different pay bases and rates (*id.*). These arguments are all irrelevant, however, because Plaintiff's proposed class does not include these third-party guards.

Instead, Plaintiff has presented sufficient evidence that he is similarly situated under the five-factor economic realities test to the proposed class members, all of whom are Level 3 guards who contract directly with Defendants. Specifically, Plaintiff and all members of the proposed class are similarly situated in terms of their contractual relationship to Defendants, the skill and training required to perform their positions, the relative extent of their investments and of Defendants' investments, and the degree to which their opportunity for profit and loss is determined by Defendants. (Dkt. No. 19-1 at 2-3; *see also* Dkt. No. 19 at 2-3); see *Heeg*, 907 F. Supp. 2d at 865 (considering these factors sufficient for conditional certification); *Walker*, 870 F. Supp. 2d at 471 (same). Plaintiff's declaration makes clear that he has personal knowledge not only of his own job duties, pay, classification, schedule, and opportunity for profit and loss, but that he also has personal knowledge of the foregoing for the entire protected class due to his former position as supervisor. This is more than sufficient for Plaintiff to meet his lenient burden at this stage of the case.

Therefore, even if the Court does apply the economic realities test at this early stage, Plaintiff easily meets his minimal burden of demonstrating he is similarly situated to other Level 3 independent contractors.

**4.     Defendants' Attempt to Restrict the Proposed Class to Individual Work Sites Also Fails.**

Defendants claim that Plaintiff is not similarly situated to the putative class members who work for different clients, and claims that the class should be limited on this basis. (Dkt. No. 26

at 11, Dkt. No. 26-1 at 1-3).[1] Defendants describe a myriad of alleged workplace differences, but none of these differences impacts the Court's analysis of whether Plaintiff is similarly situated to the proposed class.

As discussed in great detail in Plaintiff's motion, the potential class plaintiffs are considered "similarly situated" to the named plaintiff if they are "similarly situated" with respect to their job requirements and with regard to their pay provisions. "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff and not from any generally applicable rule, policy, or practice." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010).

Defendants attempt to evade these basic parameters by pointing to minor alleged variations in policy between their job sites, an analysis which is clearly unwarranted at this stage of the proceedings. Different check-in procedures, different processes for handling unauthorized persons, and different vehicle search procedures simply have nothing to do with whether Plaintiff and the members of the proposed class are similarly situated with regard to their classification as independent contractors under the FLSA. Defendants do not even attempt to explain how different policies on carrying guns, for example, could impact the Court's analysis in this case. Because Plaintiff and the proposed class are similarly situated in terms of their essential job duties, they are similarly situated for the purposes of conditional certification.

Defendants also vaguely claim that they do not have a centralized payment policy. However, they do not deny that they consider all Level 3 gate guards to be independent contractors and that they pay all such gate guards a flat daily rate without regard for hours worked. *See* (Dkt. No. 26-1 at 3). This is the common payment policy alleged by Plaintiff. (Dkt.

---

[1] Based on Plaintiff's clarification of the proposed class, Plaintiff does not specifically address Defendants' arguments regarding Level 2 guards and any guards who contracted through third parties. See (Dkt. No. 26 at 9-11).

No. 19-1 ¶¶ 4-5). None of Defendants' vaguely alleged variations in pay impact this common policy.

Therefore, Plaintiff has met his burden of demonstrating he is similarly situated to the proposed class in terms of job requirements and pay provisions.

    **5.       Plaintiff Has Met His Burden of Showing that Individuals Want to Opt In.**

Defendants also argue that the Court should deny conditional certification because Plaintiff has failed to make a showing that other plaintiffs desire to opt-in to this lawsuit. However, Defendants misstate the applicable law. As Judge Ellison recently stated, "[m]any courts have determined that plaintiffs do not need to present evidence that potential opt-in plaintiffs desire to opt-in." *Walker*, 870 F. Supp. 2d at 471-72. Similarly, Magistrate Johnson "agrees that a plaintiff need not present evidence at this stage of the third element, that aggrieved individuals actually want to opt in to the lawsuit." *See Villarreal v. St. Luke's Episcopal Hospital*, 751 F. Supp. 2d 902, 915 (S.D. Tex. 2010). However, even if some showing of interest is required, it is satisfied if "at least a few individuals want to join" or there is evidence that "other individuals would likely seek to opt-in." *See Walker*, 870 F. Supp. 2d at 472.

Here, two gate guards have already filed consents to join, and a third gate guard has filed a similar lawsuit in the Western District of Texas. *See Limon v. Timekeepers, Inc., et al.*, No. 5:15-cv-00143-RP (W.D. Tex. 2015). Moreover, Defendants' records demonstrate that there are other guards at various oil field sites who worked over forty hours a week and were not paid overtime. (Dkt. No. 19-3 at 2-4). Because the evidence demonstrates that there are guards who were victims of Defendants' uniform policy of classifying guards as independent contractors, the Court should grant Plaintiff's Motion for Conditional Certification.

## CONCLUSION

Plaintiff respectfully prays that the Court grant Plaintiff's Motion for Conditional Certification, and for all other relief to which he is justly entitled.

Respectfully submitted,

/s/ Lawrence Morales II
Lawrence Morales II
State Bar No. 24051077
Allison Sarah Hartry
State Bar No. 24083149
**THE MORALES FIRM, P.C.**
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2015, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to admitted counsel of record:

Michael L. Holland
Inez McBride
Holland & Holland, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas 78209

David W. Navarro
Hornberger, Fuller & Garza, Inc.
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, Texas 78209

/s/ Lawrence Morales II
Lawrence Morales II